**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ADALBERTO GONZALEZ,

        Plaintiff,

v.                                      Case No:  6:16-cv-802-Orl-40GJK

ENVOY AIR, INC.,

        Defendant.
_____/

## <u>ORDER</u>

This cause comes before the Court on Defendant's motion to dismiss (Doc. 7), filed May 11, 2016. Plaintiff filed a response on May 18, 2016. (Doc. 8). Upon consideration and review, the Court grants Defendant's motion to dismiss.

## I.  BACKGROUND

The plaintiff, Adalberto Gonzalez ("Gonzalez"), has sued his former employer, Enoy Air, Inc. ("Envoy"), formerly known as American Eagle Airlines, Inc., alleging in his single-count complaint violations of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.10–760.11. Currently before the Court is Envoy's motion to dismiss. (Doc. 7). Envoy contends that (1) Gonzalez's claims are time-barred; and (2) there is no cause of action for discrimination based on sexual-orientation under FCRA. Gonzalez has filed a brief response that fails to address Envoy's arguments in any meaningful way. (Doc. 8).

In his complaint, Gonzalez has alleged that he is a gay male of Hispanic origin. (Compl. ¶ 12). He worked as a flight attendant for Envoy from January 21, 2011, until his employment was terminated on July 19, 2015. (*Id.* ¶ 8).

In a section of his complaint entitled "SEXUAL ORIENTATION (GAY MALE) FACTS," Gonzalez alleges that, beginning in or around July 26, 2013, his co-workers and supervisors subjected him to slurs and mocked his sexual orientation. (*Id.* ¶ 17). He also alleges that he complained about these harassing incidents to his immediate supervisors and the Human Resource Department on or about July 26, 2013, without success. (*Id.* ¶¶ 18–19). Gonzalez provides no other dates or details to support a claim of sexual-orientation discrimination.

In another section of his complaint entitled "NATIONAL ORIGIN (HISPANIC) FACTS," Gonzalez makes similar allegations, namely that his co-workers and supervisors subjected him to ethnic slurs and derogatory remarks and mocked his accent beginning on or about July 24, 2013. (*Id.* ¶ 13). He also alleges that he complained about these harassing incidents on or about July 26, 2013, again without success. (*Id.* ¶ 14).

Throughout the factual section of his complaint, Gonzalez alleges that Envoy took retaliatory action against him, ultimately including termination, in response to his complaints about the harassment he endured. (*Id.* ¶¶ 6, 13, 17, 19). Although he itemizes some of these alleged retaliatory actions, (*id.* ¶¶ 13, 19), he does not indicate when these actions took place.

Gonzalez includes only one count in his complaint—a count for disparate treatment under the FCRA. In that count, Gonzalez alleges little more than that Envoy intentionally discriminated against him "because of SEX." (*Id.* ¶ 29). There is no mention of retaliation.

As indicated in his complaint, Gonzalez filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").[1] (*Id.* ¶ 6). In his first EEOC charge, filed on December 2, 2014, Gonzalez alleged discrimination based on sex, national origin, and retaliation. In particular, he alleged that he was being "discriminated against because of my sex, male for not conforming to sex stereotypes about how men are expected to present themselves in my physical appearance, actions and/or behaviors." (Doc. 7, Ex. 1). In his second charge of discrimination, filed on March 17, 2015, and amended on June 15, 2015, Gonzalez alleged discrimination based on sex, sexual orientation, national origin, retaliation, age, and disability. (Doc. 7, Exs. 2 & 3). Regarding his sexual-orientation allegation, Gonzalez stated that, on July 26, 2013, he complained to his supervisors about a "hostile working environment towards me based on my sexual orientation, gender, sex, accent, national origin and disability." (*Id.*). He did not include any particulars about discrimination based on national origin or retaliation.

On July 1, 2015, the EEOC issued a Right-to-Sue Notice based on Gonzalez's second amended charge of discrimination. (Doc. 7, Ex. 4). Gonzalez was terminated soon after, on July 19, 2015. Gonzalez filed this lawsuit on April 1, 2016, less than 365 days

---

[1] "In discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading." *Chestnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013); *see also Sessom v. Wellstar Hosp.*, No. 1:08–CV–2057–TWT, 2009 WL 1562876, at *3 n.1 (N.D. Ga. May 29, 2009) (noting that an EEOC charge is properly considered on a motion to dismiss when the plaintiff does not dispute its authenticity and refers to it in the complaint.). Here, Gonzalez referred to the charges of discrimination in his complaint, and Envoy attached the charges of discrimination to its motion to dismiss. The Court, therefore, may properly consider these documents on Envoy's motion to dismiss.

after receiving the EEOC's notice of right to sue.[2] Envoy thereafter removed the case to this Court based on diversity jurisdiction.

Envoy now moves to dismiss the complaint claiming that (1) Gonzalez's claims are time-barred, and (2) there is no cause of action for sexual orientation discrimination under the FCRA. (Doc. 7, p. 1).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege sufficient facts to show that the legal allegations are not simply possible, but plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering a Rule 12(b)(6) motion, the reviewing court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (per curiam). However, a complaint must do more than provide "[m]ere 'labels and conclusions or a formulaic recitation of the elements of a cause of action . . . .'" *Franklin v. Curry*, 738 F.3d

---

[2] This lawsuit is the second filed by Gonzalez concerning the events alleged. He first filed suit in federal court in July 2015. Invoking the court's federal question jurisdiction in that case, Gonzalez asserted both Title VII and FCRA claims. The judge in that first case, No. 6:15-cv-01227–ACC–DAB, dismissed Gonzalez's Title VII claims with prejudice as untimely on March 15, 2016. Gonzalez's FCRA claim was dismissed without prejudice. Gonzalez filed this lawsuit in state court soon after.

1246, 1251 (11th Cir. 2013) (per curiam) (quoting *Iqbal*, 556 U.S. at 678). A plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

### III.   ANALYSIS

Envoy first contends that Gonzalez's claim for discrimination is time-barred. Envoy correctly notes that, in a deferral state such as Florida, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1); *Bender v. Miami Shores Vill.,* 578 F. App'x 822, 824 (11th Cir. 2014) (per curiam) (finding that "only those claims arising within 300 days prior to the filing of the EEOC discrimination charge are actionable"). Because Gonzalez filed the charge of discrimination that is the basis of this lawsuit on June 15, 2015, any alleged discriminatory actions that occurred more than 300 days prior to that date are time-barred. In other words, discriminatory actions that occurred prior to August 19, 2014, are time-barred. Envoy contends that Count I of Gonzalez's complaint should be dismissed as time-barred because Gonzalez has failed to allege any sexual-orientation-based or national-origin-based discrimination that occurred after July 26, 2013, a date that is more than a year outside the relevant 300-day period. Indeed, the only date listed in the complaint that falls within the 300-day period is the date of Gonzalez's termination. There are no facts in the complaint, however, that allege that his termination was based on discrimination or any other wrongdoing.

In his response to Envoy's timeliness argument, Gonzalez states in a two-sentence conclusory paragraph that Envoy's argument "is contrary to the facts and timeframe of the filing of the State lawsuit." (Doc. 8 ¶ 5). He cites neither facts nor law to explain his position or to counter Envoy's argument. Gonzalez thus leaves this Court with nothing but

speculation about what, if any, disparate treatment he experienced within the 300-day limitations period, and speculation will not suffice to resist Envoy's motion to dismiss. Because the complaint does not provide any facts that allege discrimination within the 300-day limitations period, the complaint will be dismissed.[3]

## IV.  CONCLUSION.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Envoy Air, Inc.'s Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law is **GRANTED**.

2.  Plaintiff has until **September 12, 2016,** to file an amended complaint in this case. Plaintiff's failure to file an amended complaint on or before this date will result in this action being terminated without further notice.

**DONE AND ORDERED** in Orlando, Florida, on August 31, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

---

[3] Envoy also argues that Count I should be dismissed because the FCRA does not apply to claims based on sexual orientation. Envoy cites a number of cases that support its argument. In response, Gonzalez does not address Envoy's argument but, instead, suggests—in two sentences—that Count I is based on "SEX discrimination" rather than sexual-orientation discrimination. A fair reading of the facts alleged in his complaint, however, contradicts Gonzalez's belated argument that, in Count I, he seeks relief for gender discrimination and not for sexual-orientation discrimination. Because the complaint is dismissed on other grounds, however, the Court does not reach the issue of whether the FCRA applies to claims based on sexual-orientation discrimination at this time.

Copies furnished to:

Counsel of Record
Unrepresented Parties